Joshua B. Kirkpatrick
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
E-mail: jkirkpatrick@littler.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| JOSH BOWMAN,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br>a foreign for profit corporation,<br><br>          Defendant. | CASE NO. _____ |

## DEFENDANT UNITED PARCEL SERVICE, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Civil Rule 3.3,

Defendant United Parcel Service, Inc. ("UPS") gives notice of the removal of this

action to the Court from the Eighteenth Judicial District Court of Montana, Gallatin

County, Montana.  The basis for removal is set forth below.

**STATE-COURT ACTION**

1.      On September 27, 2022, Plaintiff Josh Bowman ("Bowman") filed a Complaint and Demand for Jury Trial in the Eighteenth Judicial District Court of Montana, in Gallatin County, Montana, captioned *Josh Bowman v. United Parcel Service, Inc.*, Case No. DV 22-915A (the "State Action") (*See* Summons and Complaint, Ex. A at 4).

2.      On October 4, 2022, Bowman served UPS through its registered agent with a copy of the Complaint.  (*See* Ex. A at 1).

3.      The aforementioned documents constitute all "process, pleadings and orders" served upon UPS in the State Action pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.3(a).

4.      Because this Notice of Removal is filed within thirty days of UPS having first received service of the Summons and Complaint, and within one year of the commencement of the State Action, it is timely filed under 28 U.S.C. § 1446(b) and (c)(1).

**DIVERSITY JURISDICTION**

5.      The Court has subject matter jurisdiction based upon diversity jurisdiction pursuant to under 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the dispute is between citizens of different states, and the amount

in controversy exceeds $75,000, exclusive of interest and costs. *Id*. As explained below, both requirements are met.

## CITIZENSHIP OF THE PARTIES

6.    Bowman is an individual, and in his Complaint alleges that he is a resident of Montana, currently living in in Bozeman, Montana. (*See* Ex. A at 4 ¶ 1).

7.    Bowman alleges, that UPS is a corporation organized under the laws of the State of Delaware, with its headquarters and principal places of business in Georgia. (*See* Ex. A at 4 ¶ 2). UPS is incorporated in Ohio, not Delaware, and accordingly, UPS is a citizen of Ohio and Georgia. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010) (describing test for corporate citizenship).

8.    Complete diversity therefore exists as Bowman and UPS are citizens of different states, and would be even UPS was incorporated in Delaware as Bowman.

## AMOUNT IN CONTROVERSY

9.    The matter in controversy in the State Action exceeds the sum or value of $75,000, as required by 28 U.S.C. § 1332(a).[1]

---

[1] UPS does not concede Bowman's allegations are true or that his claims have any merit. UPS provides the following only to demonstrate that the amount in controversy, based on the Complaint and relief sought, taken as true exceeds the $75,000 jurisdictional requirement.

10.     Bowman alleges that he was wrongfully discharged from his employment on or about October 14, 2021. (*See* Ex. A at 5 ¶ 8).  He seeks damages and attorney fees. (*See* Ex. A at 6 ¶ 23(b)-(c)).

11.     At the time of his alleged wrongful discharge, Bowman was a full-time employee earning approximately $8,103.00 per month.  (*See* Decl. of Lopez, Ex. B at ¶¶ 3-4). As it has been twelve (12) months since Bowman's discharge, his lost earnings would therefore be approximately $97,236.00 (12 months x $8,103/mo). Additionally, the Wrongful Discharge from Employment Act provides for damages in the amount of *four* years of wages (less mitigation income).  Finally, Bowman— through his counsel—has demanded an amount in excess of $75,000 to resolve this dispute.  It is therefore plausible that the amount in controversy in the State Action exceeds the $75,000 threshold.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## VENUE

12.     The District and Division embracing the place where the State Action is pending is the United States District Court for the District of Montana, Butte Division.  *See* 28 U.S.C. §§ 106, 1446(a); Local Civil Rule 1.2(c)(2).

## PLAINTIFF AND STATE COURT TO BE NOTIFIED

13.     Pursuant to 28 U.S.C. § 1446(d) and Local Rule 3.3(a), UPS will promptly provide written notice to Bowman of the removal in this action and will promptly file a copy of this Notice of Removal in the State Action.

## CONCLUSION

For the reasons discussed above, UPS removes this action from the Eighteenth Judicial District Court of Montana, in Gallatin County, Montana, to the United States District Court for the District of Montana, Butte Division.

Respectfully submitted this 25th day of October, 2022.

*s/ Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
E-mail: jkirkpatrick@littler.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of October, 2022 I electronically

filed **DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF**

**REMOVAL** via the E-Filing system and caused a copy to be sent via email to:

Joseph Nevin
3624 Green Meadow Drive
Helena, MT 59602
Telephone: (406) 465~99 1 7
Email: bada55_jd@hotmail.com


*s/ Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick